Not for Publication

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

In re )   Chapter 7
 )
 )
JONATHAN WONG )   Case No. 08-14928 (REG)
 )
 )
 )
      Debtor. )
―――――――――――――――――――――――――――)
 )
WAH CHU CHENG )   Adversary No. 09-01112 (REG)
 )
 )
      Plaintiff, )
 )
   - against - )
 )
JONATHAN WONG )
 )
      Defendant. )
―――――――――――――――――――――――――――)


DECISION ON MOTIONS FOR SUMMARY JUDGMENT


APPEARANCES:

MARSHALL E. BLOOMFIELD, ESQ.
Counsel for Wah Chu Cheng
349 E. 149 St.
Bronx, New York 10451-5603

RUBEN T. MONTEJO
Counsel for Jonathan Wong
225 Broadway, Suite 900
New York, New York 10007

 BEFORE: ROBERT E. GERBER
      UNITED STATES BANKRUPTCY JUDGE

-1-

In this adversary proceeding under the umbrella of the chapter 7 case of Jonathan Wong **(the "Debtor")**, Wah Chu Cheng **(the "Plaintiff")** is seeking a judgment declaring that the debt owed to him by the Debtor is not dischargeable pursuant to Bankruptcy Code § 523(a)(10). The Debtor moves for summary judgment, and the Plaintiff also moves for summary judgment. For the reasons set forth below, the Debtor's summary judgment motion is denied, and the Plaintiff's summary judgment motion is granted.

Facts

On September 6, 2000, the Debtor filed a chapter 7 petition with the Bankruptcy Court for the Southern District of New York **(the "2000 Case")** and listed the Plaintiff on Schedule F of his petition as a creditor.[1] That case was assigned to Judge Richard L. Bohanon. Sometime thereafter, two of the Debtor's creditors, Firstar Equipment Finance **("Firstar")** and U.S. Bancorp Leasing & Financial **("U.S. Bancorp")**, filed complaints that sought, in part, to deny the Debtor a discharge pursuant to Bankruptcy Code § 727 **(the "2000 Adversary Proceedings")**.[2] Although Firstar's complaint did not mention a specific subsection of § 727, U.S. Bancorp's complaint explicitly and exclusively relied on §§ 727(a)(2) and (4) as bases for denying the Debtor a discharge.[3] In both adversary proceedings, Judge Bohanon entered an order for default – in the Firstar adversary proceeding, for failure to plead or otherwise defend, and in the U.S. Bancorp adversary proceeding, for failure to attend a pretrial conference – and, thereafter, the plaintiffs brought motions for default judgment. Both motions for default

---

[1]    *See* Case No. 00-14142 (RLB).

[2]    *See* Adversary Proceeding Nos. 01-02511 (RLB) and 00-02957 (RLB), respectively.

[3]    The complaint is captioned: "COMPLAINT FOR THE DETERMINATION OF THE DISCHARGEABILITY OF DEBT UNDER SECTION 523(a)(2) and OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. 727 (a)(2) AND 727 (a)(4)(A)." In addition, Paragraph 5 of the complaint states: "This is an adversary proceeding under Bankruptcy Rule 7001(1) to declare [the Debtor's] indebtedness to U.S. Bancorp nondischargeable pursuant to 11 U.S.C. §523 (a)(2)(A) and (B) and to object to the discharge of the Debtor pursuant to 11 U.S.C. §727 (a)(2) and (A)(4)(A)."

-2-

judgment included by reference the underlying complaint, and, as noted above, U.S. Bancorp's complaint explicitly and exclusively relied on §§ 727(a)(2) and (4) as bases for denying the Debtor a discharge. On July 10, 2001, Judge Bohanon entered written orders in both adversary proceedings that stated: "[I]t is on this 9th day of July, 2001… ORDERED and ADJUDGED that Jonathan Wong be and hereby is denied a discharge pursuant to 11 U.S.C. § 727" (**the "Denial Orders"**).

On December 9, 2008, the Debtor filed a second chapter 7 petition with the Bankruptcy Court for the Southern District of New York, and that case was assigned to me.[4] On March 6, 2009, the Plaintiff filed a complaint, initiating the present adversary proceeding, and, thereafter, the Plaintiff and the Debtor each filed motions for summary judgment.[5] In accordance with Local Bankruptcy Rule 7056-1(b), the Plaintiff included in his motion papers a statement of undisputed facts. Despite the clear requirement of Local Bankruptcy Rule 7056-1(c), the Debtor did not include in his motion papers a statement responding to the Plaintiff's statement of undisputed facts or attempt to otherwise controvert any contentions it contained. Therefore, all of the contentions in the Plaintiff's statement of undisputed facts are deemed admitted pursuant to Local Bankruptcy Rule 7056-1(d). Of particular importance, the Plaintiff's statement of undisputed facts includes contentions that the Debtor was not granted a discharge in any bankruptcy case prior to the 2000 Case and that in the 2000 Case the court never approved a waiver of discharge.

In short, the Plaintiff argues that his claim against the Debtor is not dischargeable pursuant to § 523(a)(10) because the Debtor was denied a discharge in the 2000 Case pursuant to §§ 727(a)(2) and (4). The Debtor argues that the Plaintiff has not established a cause of action

---

[4]    *See* Case No. 08-14928 (REG).

[5]    *See* Adversary Proceeding No. 09-01112 (REG).

under § 523(a)(10) because the Denial Orders do not explicitly state that the Debtor was denied a discharge in the 2000 Case pursuant to §§ 727 (a)(2), (3), (4), (5), (6), or (7) as required under § 523(a)(10).

My findings of facts and conclusions of law follow.

## I.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] The moving party bears the initial burden of showing that the undisputed facts entitle it to judgment as a matter of law.[7]

In determining a summary judgment motion, it is well settled that the court should not weigh the evidence or determine the truth of any matter, and must resolve all ambiguities and draw all reasonable inferences against the moving party.[8] A fact is material if it "might affect the outcome of the suit under the governing law."[9] An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10]

---

[6] FED. R. CIV. P. 56(c), made applicable here by FED. R. BANKR. P. 7056.

[7] *See Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995); *Ferrostaal, Inc. v. Union Pacific R.R. Co.*, 109 F. Supp. 2d 146, 148 (S.D.N.Y. 2000) ("The initial burden rests on the moving party to demonstrate the absence of a genuine issue of material fact . . . .").

[8] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (holding that summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party"); *Virgin Atlantic Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 262 (2d Cir. 2001); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) ("We…constru[e] the evidence in the light most favorable to the non-moving party.").

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10] *Id.*

The standards for determining a summary judgment motion apply equally to cases, like the instant one, in which both parties move for summary judgment.[11] As a result, "when parties have filed cross-motions for summary judgment, the court 'must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'"[12]

## II.

### Bankruptcy Code Section 523(a)(10)

Section 523(a)(10) provides:

> A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt… that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727 (a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.[13]

The parties do not disagree that the Plaintiff's claims against the Debtor were scheduled in the 2000 Case and that the Debtor was denied a discharge in the 2000 Case. The sole remaining issue is whether such denial of discharge was under §§ 727 (a)(2), (3), (4), (5), (6), or (7).

By negative implication and basic logic, § 523(a)(10) is not applicable when a debtor was denied a discharge in a previous case solely pursuant to a subsection of § 727(a) that is not listed in § 523(a)(10). Thus, the Debtor argues that since the Denial Orders did not state the specific

---

[11]    *Bronx Household of Faith v. Board of Educ. of City of New York*, 492 F.3d 89, 96 (2d Cir. 2007) (citing *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

[12]    *Id.* (quoting *Hotel Employees & Rest. Employees Union, Local 100 v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 543 (2d Cir. 2002)).

[13]    11 U.S.C. § 523(a)(10).

provision of § 727(a) that provided the basis for denying the Debtor a discharge, Judge Bohanon could have been relying on a provision other than those enumerated in § 523(a)(10). In other words, the Debtor could have been denied a discharge in the 2000 Case under §§ 727(a)(1), (8), (9), (10), (11) and/or (12). However, as the Plaintiff asserts in his papers and as discussed in detail below, the undisputed facts establish that Judge Bohanon could not have relied on §§ 727(a)(1), (8), (9), (10), (11) and/or (12). In fact, I find as a matter of law that the Debtor was denied a discharge in the 2000 Case pursuant to §§ 727(a)(2) and (4).

*Section 727(a)(1) -The Debtor is Not an Individual*

Section 727(a)(1) provides a basis for denying a debtor a discharge when the debtor is not an individual. As the Debtor indicated in his chapter 7 petition, the Debtor is an individual. Therefore, § 727(a)(1) could not have been a basis for the Denial Orders.

*Sections 727(a)(8) and (9) – The Debtor Was Granted a Discharge in a Previous Case*

Sections 727(a)(8) and (9) provide bases for denying a debtor a discharge in some situations where the debtor has been granted a discharge in a prior bankruptcy case. Based on the Plaintiff's uncontroverted statement of undisputed facts, I find that the Debtor was not granted a discharge in any bankruptcy case prior to the 2000 Case. Therefore, neither § 727(a)(8) nor (9) could have been a basis for the Denial Orders.

*Section 727(a)(10) – Waiver of Discharge by the Debtor*

Section 727(a)(1) provides a basis for denying a debtor a discharge when, "the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter." The Plaintiff also included in his uncontroverted statement of undisputed facts a contention that, "in the 2000 [Case] the court never approved a written waiver of discharge

-6-

executed by the debtor after the order for relief under 11 U.S.C. § 727." Taking this contention as true pursuant to local rules, § 727(a)(10) could not have been a basis for the Denial Orders.

*Sections 727(a)(11) and (12) – BAPCPA Provisions*

Sections 727(a)(11) and (12) were added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 **("BAPCPA")**.[14] Since BAPCPA was not signed into law prior to the Denial Orders, neither § 727(a)(11) nor (12) could have been a basis for the Denial Orders.

*Sections 727(a)(2) and (4)*

Federal Rule of Civil Procedure 54(c) states in part: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[15] The Court of Appeals for the Second Circuit has recognized that the theory of Rule 54(c) is:

> [T]hat the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.[16]

As the current dispute itself makes clear, the legal basis for denying a debtor a discharge can have significant future legal ramifications and would certainly impact on a debtor's decision to not appear or otherwise default. Thus, to the extent a plaintiff alleges in his or her complaint

---

[14] *See* Pub. L. 109-8 §§ 106(b) and 330(a) (Apr. 20, 2005) (effective for all cases commenced on or after Oct. 17, 2005).

[15] FED. R. CIV. P. 54(c), made applicable here by FED. R. BANKR. P. 7054(a).

[16] *Silge v. Merz*, 510 F.3d 157 (2d Cir. 2007)(quoting 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2663 (1998)).

that a debtor should be denied a discharge based on a specific subsection of § 727(a), a default judgment must not be entered that bases the denial of discharge on a different or additional subsection of § 727(a). As noted several times above, U.S. Bancorp's complaint explicitly and exclusively relied on §§ 727(a)(2) and (4) as bases for denying the Debtor a discharge. Therefore, I find that, at least with respect to the U.S. Bancorp adversary proceeding, the Debtor was denied a discharge in the 2000 Case pursuant to §§ 727(a)(2) and (4).

### III.

### Conclusion

Based on the uncontroverted facts, Judge Bohanon could not have based the denial of the Debtor's discharge in the Denial Orders on §§ 727(a)(1), (8), (9), (10), (11) and/or (12). Therefore, the Debtor's motion for summary judgment is denied. In addition, I find that the Debtor was denied a discharge in the 2000 Case pursuant to §§ 727(a)(2) and (4). Therefore, the Plaintiff's motion for summary judgment is granted, and the Plaintiff's claims against the Debtor, to the extent they were listed or could have been listed or scheduled in the 2000 Case, are not dischargeable pursuant to § 523(a)(10).

SO ORDERED.

Dated: New York, New York         *s/ Robert E. Gerber* _____
      April 19, 2010                  United States Bankruptcy Judge